UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JUSTIN WILLIAMS,

                Plaintiff,

  -against-                        **MEMORANDUM AND ORDER**
                                                   Case No. 10-CV-5440 (FB)
JOHN B. RHEA, as Chairman of the New York
City Housing Authority, and the NEW YORK
CITY HOUSING AUTHORITY,

                Defendants.
------------------------------------------------------------x

*Appearances:*

| For the Plaintiff: | For the Defendant: |
|---|---|
| PHILIP M. SMITH, ESQ. | DONNA MURPHY, ESQ. |
| MELISSA IACHAN, ESQ. | New York City Housing Authority |
| Patton Boggs | Law Department |
| 1185 Avenue of the Americas, 30th Floor | 250 Broadway, 9th Floor |
| New York, NY 10036 | New York, NY 10007 |
| | |
| KEVIN M. CREMIN, ESQ. | |
| MFY Legal Services, Inc. | |
| 299 Broadway, 4th Floor | |
| New York, NY 10007 | |
| | |
| NANCY GOLDHILL, ESQ. | |
| Legal Services for NYC Staten Island | |
| 36 Richmond Terrace Suite 205 | |
| Staten Island, NY 10301 | |

**BLOCK, Senior District Judge:**

       Plaintiff Justin Williams alleges that the New York City Housing Authority ("NYCHA") improperly terminated his federally-funded housing assistance, in violation of federal and city anti-discrimination laws and his right to Due Process. Defendants have

1

moved to dismiss Williams' claims for declaratory and injunctive relief on the grounds that he lacks standing. For the following reasons, that motion is denied.

I.

The Section 8 Existing Housing Program ("Section 8") is a federal program that provides rent subsidies to low-income tenants in private housing.[1] In New York City, a substantial portion of the subsidies are administered by NYCHA, a public housing agency.[2] Tenants must annually recertify their eligibility.

Williams, who is blind, has received a Section 8 subsidy through NYCHA since 1995 and has resided in the same Staten Island apartment since 1999. In his initial application, he informed NYCHA of his disability. Nevertheless, he has never received a copy of his Section 8 voucher, recertification notice and forms, or any other NYCHA-issued information in Braille, audio recording, or another format accessible to him.

In October 2009, NYCHA staff, for the first time, informed Williams that they were unable to help him complete his annual recertification. They also informed him that he could apply for a transfer as a result of housing code violations in his apartment, which

---

[1] These facts are drawn from the amended complaint and, for the purpose of this motion, the Court accepts the complaint's allegations as true. *See Weixel v. Board of Educ.*, 287 F.3d 138, 145 (2d Cir. 2002). Facts are also taken from additional evidence submitted by the parties, which the Court may consider in resolving the jurisdictional issue. *See J.S. ex rel. N.S. v. Attica Central Schools,* 386 F.3d 107, 110 (2d Cir. 2004).

[2] Defendant John B. Rhea is being sued in his official capacity as Chairman of NYCHA. The Court will refer to defendants collectively as "NYCHA."

he did.³ In February 2010, Williams, hoping to discover the status of the transfer request, visited a NYCHA office and learned that his Section 8 subsidy had been terminated as of December 31, 2009.

Williams commenced this action in November 2010. On January 6, 2011, NYCHA restored him to the Section 8 program and issued a transfer voucher. Williams informed them that audio CD was his preferred form of communication. In November 2011, NYCHA approved a Section 8 subsidy for a new apartment. The agency's communications with him have continued to be in the form of conventional written documents, which Williams cannot read without assistance.

The complaint alleges that NYCHA has failed to provide Section 8 materials and notices in a format accessible to Williams, otherwise provide reasonable accommodation for his disability or notify him of his right to such accommodation, and that this failure is in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*, the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, the New York City Human Rights Law, N.Y. Admin. Code § 8-101 *et seq.*, the United States Constitution's Due Process Clause, federal housing regulations, and a prior consent decree. Williams seeks (1) a declaration that NYCHA has a duty to provide meaningful access to Section 8 information in formats accessible to the blind and

---

³ Landlords who lease to Section 8 tenants enter into an agreement with NYCHA that they will comply with certain housing quality standards. If a landlord fails to properly maintain the apartment, the Section 8 subsidy to the landlord is suspended and NYCHA offers the tenant an opportunity to transfer to another apartment.

visually impaired; (2) an injunction requiring information to be conveyed to the blind and visually impaired in an accessible format; and (3) damages, attorneys' fees and costs.

II.

**A. Initial standing to seek prospective relief**

To establish standing, as required by Article III of the Constitution, a plaintiff must "have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 101-102 (1983). Thus, in order to establish standing for prospective relief, "a plaintiff must show a likelihood that he will be injured in the future." *Carver v. City of New York*, 621 F.3d 221, 228 (2d Cir. 2010) (quoting *Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004)). Williams, as the party asserting subject matter jurisdiction, has the burden of proving it by a preponderance of the evidence. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The parties do not dispute that Williams has standing to seek damages to redress his alleged actual injury. However, "a plaintiff must demonstrate standing separately for each form of relief sought." *See Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 185 (2000).

NYCHA contends that Williams lacks standing to seek declaratory and injunctive relief because he has not established a real and immediate threat of eviction or termination of his Section 8 subsidy. The cognizable injury asserted, however, "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing."

4

*Fulton v. Goord*, 591 F.3d 37, 41 (2009). The ADA and Rehabilitation Act both "confer the right to be free from disability-based discrimination by public entities and federally funded programs and, in so doing, confer standing for persons claiming such discrimination to enforce that right." *Id.* at 42. Being subjected to discrimination in violation of these provisions is itself an injury sufficient to confer Article III standing. *See Id.*

The harm Williams faces is not loss of his subsidy, but the agency's discriminatory treatment. NYCHA does not dispute that Williams has been receiving written communications regarding his subsidy for many years and that, as a Section 8 recipient, he will continue to receive such communications in the future. Thus, Williams has standing to pursue prospective relief.

**B. Mootness**

Since this litigation commenced, NYCHA has reinstated Williams in the Section 8 program and repeatedly represented that, in conformance with its policy of reasonable accommodation, it "will assist plaintiff with completion of the rental package, will provide him with the approval letter in CD form, and will assists him in completing his annual recertification papers." Def. Reply Mem. at 6. This does not moot Williams' claims, however, as "[a] defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case." *Friends of the Earth, Inc.*, 528 U.S. at 174. Rather, a case can be mooted by a defendant's voluntary activities "only 'if the defendant can demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of

the alleged violation.'" *Seidemann v. Bowen*, 499 F.3d 119, 128 (2d Cir. 2007) (quoting *Granite State Outdoor Advert., Inc. v. Town of Orange, Conn.*, 303 F.3d 450, 451 (2d Cir. 2002)).

The defendants have entirely failed to meet this burden. In fact, NYCHA has not changed its practices as of July 12, 2012, when Williams' most recent declaration was filed; it continues to send him import notices and recertification materials in conventional written format. Williams' claims are therefore not mooted by the defendants' action.

### III.

Accordingly, defendants motion to dismiss is denied.

**SO ORDERED.**

s/ Judge Frederic Block
_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 17, 2012